CROSBY v. HEINER, Collector of Internal Revenue.

(District Court W. D. Pennsylvania. January 26, 1926.)

No. 3419.

Internal revenue ⬅︎38—Value of corporation stock held to be that used by taxpayer in computing profit from its sale, so as to entitle her to judgment for excess tax, computed on basis of lesser valuation, with interest from date of payment (Revenue Act, Oct. 3, 1917 [Comp. St. 1918, § 6336⅜a et seq.]).

Value of corporation stock on date of its receipt by legatee ·held to be amount used by latter in computing profit from sale thereof for income tax purposes, so as to entitle her to judgment under Revenue Act Oct. 3, 1917 (Comp. St. 1918, § 6336⅜a et seq.), for excess tax, computed on basis of lesser valuation on such date, with interest from date of payment.

At Law. Action by Minnie F. Byles Crosby against D. B. Heiner, Collector of Internal Revenue. Judgment for plaintiff.

THOMSON, District Judge. This is an action in assumpsit for the recovery of income tax alleged to have been unlawfully assessed and collected by the defendant, D. B. Heiner, Collector of United States Internal Revenue for the Twenty-Third District of Pennsylvania at Pittsburgh. The action arises under the Revenue Act of October 3, 1917 (Comp. St. 1918, § 6336⅜a et seq.).

The plaintiff, Minnie F. Byles Crosby, is a resident of Oil City, Venango county, Pa. She drafted and submitted her income tax return for the year 1917 within the time prescribed by law. Said return disclosed a tax liability of $8,280.44, which amount was duly paid to former Collector C. G. Lewellyn within the time required by law. In this return Mrs. Byles Crosby reported as taxable income a profit of $26,314 arising from the sale by her during the year 1917 of 13,157 shares of the common stock of the Pure Oil Company. This stock had been received by her as a bequest under the last will and testament of her deceased husband, Daniel E. Byles, who died July 21, 1913.

Under the statute, the fair value of the stock upon the date Mrs. Byles Crosby received it through this bequest in her husband's will is the basic date for the purpose of valuation in determining taxable profit. Mrs. Byles Crosby determined that this July 21, 1913, fair value was $22.50 per share. In the sale of the stock, she received $24.50 per share or a taxable profit of $2 per share, which makes the aggregate amount of $26,-314 reported by her in her tax return.

Subsequently, on or about May 13, 1922, a field revenue agent of the Treasury Department made an examination of the plaintiff's tax liability, determining that the July 21, 1913, fair value of the stock was $14⅜. Such figure of $14⅜ was taken from a transaction on the Pittsburgh Stock Exchange on July 21, 1913. In this transaction, 60 shares of stock were reported to have sold at the aforesaid price of $14⅜ as compared with 907,049 shares of stock outstanding. This was the only transaction which occurred on that date. By employing this figure in the computation instead of the $22.50 utilized by the plaintiff, this field revenue agent increased the plaintiff's taxable income a total of $106,900.63, and increased her amount of tax $32,440.20.

Thereafter, on November 15, 1922, the Commissioner of Internal Revenue affirmed the findings and recommendations of this field revenue agent, and notified Mrs. Byles Crosby that there was assessed against her this additional sum of $32,440.20. After contesting the issue in the office of the Commissioner of Internal Revenue, the plaintiff was eventually required by the defendant, Heiner, to pay the alleged additional tax on November 7, 1923, making such payment under protest and under the duress arising from the threats of the defendant, Heiner, to impose penalties, levy distraint, and seize plaintiff's property.

On August 18, 1925, the plaintiff duly filed a claim for refund on the form prescribed by the Treasury Department, and this claim for refund was rejected by the Commissioner of Internal Revenue at Washington on November 7, 1925.

The necessary jurisdictional facts are pleaded, and plaintiff prays for judgment for the recovery of the entire amount of $32,440.20 alleged additional tax, together with interest thereon as provided for by sections 1019 and 1020 of the Revenue Act of 1924. It appears that this stock of the plaintiff, Minnie F. Byles Crosby, was not valued for estate or inheritance tax purposes; there being no inheritance tax law, either state or federal, in effect during the year 1913 under which the plaintiff would have been subject to such a tax.

The sole issue for the decision of the court is the fair value of the common stock of the Pure Oil Company on July 21, 1913. If the plaintiff's contention of a value of $22.50 per share is correct, she is entitled to a recovery in the amount sued for.

Heretofore, in the case of B. D. Phillips v. United States (Law No. 3319) 12 F.(2d)

598, decided January 8, 1926, this court found that the March 1, 1913, fair value of the common stock of the Pure Oil Company was $22.50 per share. In that case there was a preponderance of evidence that the Pure Oil Company was in substantially the same financial position from March 1, 1913, until July 16, 1914, on which latter date a legitimate offer of $22.50 per share was made for a controlling interest in the stock. The court made a finding of fact to that effect. It necessarily follows that, if there was no substantial change in the financial position of the company over the period March 1, 1913, to July 16, 1914, that there could not have been any substantial change over the period March 1, 1913, to July 21, 1913, the date upon which Mrs. Byles Crosby acquired her stock from her deceased husband's estate. The court accordingly finds this to be true as a matter of fact, and that the July 21, 1913, fair value of the stock of the Pure Oil Company was $22.50 per share as contended for by the plaintiff.

Judgment will be entered accordingly.